UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RICHARD J. DUPONTE, II,
    Plaintiff,

v.

PATRICIA A. COYNE-FAGUE, in her official capacity only; MATTHEW KETTLE, JEFFREY ACETO, BRUCE ODEN, JACK WARD, FREDD SPECHT, TERESA BERUBE, JOSEPH DINITTO, and WILLIAM BEGONES, in their individual and official capacities; A.T. WALL, in his individual capacity only; and the RHODE ISLAND DEPARTMENT OF CORRECTIONS,
    Defendants.

C.A. No. 17-397-JJM-LDA

## ORDER

Richard J. DuPonte, II has brought a complaint against the Rhode Island Department of Corrections ("RIDOC") and various employees alleging violations of his civil rights during his time as an inmate. Three motions are before the Court: (1) Defendants have moved for summary judgment; (2) Mr. DuPonte moved to compel answers to interrogatories; and (3) Mr. DuPonte moved to inspect the High Security Center segregation unit of the Adult Correctional Institute ("ACI"). For the following reasons, the Court DENIES Defendants' Motion for Summary Judgment (ECF No. 59), DENIES Mr. DuPonte's Motion to Compel (ECF No. 58), and GRANTS Mr. DuPonte's Motion to Inspect (ECF No. 57).

*1. Summary Judgment*

The Defendants have moved for summary judgment. ECF No. 59. The motion is DENIED without prejudice.

Through their motion, the Defendants have implicated the propriety of the service of the Summons and Complaint on the Defendants individually.[1] The U.S. Marshals Service filed Proofs of Service showing that they served all Defendants by serving the Rhode Island Attorney General's office. On the return of service for each of the individuals, an Assistant Attorney General wrote "in official capacity only." ECF No. 11 at 3, 5, 7, 9, 11, 13, 15, 17, and 19.

The Defendants (collectively—and without any designation that they were filing the motion only in their official capacity) then moved to dismiss the entire complaint under Fed. R. Civ. P. 12(b)(6) with no mention of insufficient service of process. *See* ECF No. 14. After the Court ruled on the motion,[2] the Defendants filed an answer. The answer did not state that Defendants were answering in their official capacity only and did not raise insufficient service as a defense. *See* ECF No. 26. The

---

[1] Mr. DuPonte sued these Defendants in both their official and individual capacities: Director Patricia A. Coyne-Fague, Warden/Acting Assistant Director Matthew Kettle, Acting Warden Jeffrey Aceto, Assistant Director of Classification Jack Ward, and Lieutenant Oden. The Court dismissed all claims against Defendants William Begones, Frederick Specht, Teresa Berube, and Joseph DiNitto. ECF No. 21 at 20.

[2] And the Court's Order on the Motion to Dismiss states that the Defendants were in the case individually as well. ECF No. 21 at 19 ("To the extent Mr. DuPonte seeks damages, then, those can be obtained from the remaining named Defendants in their individual capacity.").

2

case then proceeded for almost two years. No later filings by these Defendants referenced the "official capacity only" status of these Defendants.

Insufficiency of service is waived if it is not included in the preliminary motion under Fed. R. Civ. P. 12 or plead as an affirmative defense in the answer. Fed. R. Civ. P 12(h)(1) (a party waives an insufficient service of process defense by omitting it from a Rule 12 motion); *Chute v. Walker*, 281 F.3d 314, 319 (1st Cir. 2002) (finding defendant waived insufficiency of service of process objection when he filed an answer to the complaint and a motion to dismiss without raising such an objection). These Defendants did neither. Moreover, once the Defendants answered the Complaint (including the allegations in the Complaint against the Defendants individually), with no designation or reservation, they subjected themselves to the jurisdiction of this Court individually. *See Roque v. United States*, 857 F.2d 20, 22 (1st Cir. 1988) (finding that insufficient service of process should not be subsumed as having been raised in answer even if answer asserted lack of personal jurisdiction or sovereign immunity because "if true objection is insufficient service of process, litigant should plainly say so."). In effect, they voluntarily chose to appear before this Court and answer the complaint.

With the issues of both injunctive relief and damages still in this case, the Court will defer until discovery is complete the Defendants' contention about whether injunctive relief can be granted considering Mr. DuPonte's release from segregation and from the RIDOC.

Accordingly, the Court DENIES without prejudice Defendants' Motion for Summary Judgment. ECF No. 59.

### 2. *Compel Answer to Interrogatories*

Mr. DuPonte moved to compel Defendant Ashbel T. Wall ("Director Wall") to answer interrogatories served on July 19, 2018. ECF 58. Defendants object that the interrogatories are addressed to someone who is not currently a defendant in this action,[3] exceeded the number permitted by Fed. R. Civ. P. 33, and seek irrelevant information. First and as a threshold matter, in light of the ruling above in section 1, former Director Wall continues to be a defendant in this litigation in his individual capacity and the Court properly substituted Director Coyne-Fague in her official capacity. Accordingly, and considering the parties willingness to conference on the matter, the Court DENIES without prejudice Mr. DuPonte's Motion to Compel Answers to Interrogatories (ECF No. 58) and orders the parties to confer within seven days to come to an agreement on the interrogatories served on July 19, 2018.

### 3. *Inspection of High Security Center Segregation Unit*

Mr. DuPonte wants to inspect, photograph, and take video of the area relevant to this litigation – the High Security Center Segregation Unit of the ACI. ECF No. 57. He makes this request under Fed. R. Civ. P. 34(a)(2) ("to permit entry onto designated land or other property possessed or controlled by the responding party, so

---

[3] Pursuant to Fed. R. Civ. P. 25(d), the Court substituted Patricia A. Coyne-Fague in her official capacity as Director of the Rhode Island Department of Corrections for Ashbel T. Wall as a defendant in this action. *See* Text Order, Apr. 17, 2019.

4

that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.").

Mr. DuPonte has a right to inspect and record the areas of the ACI that may be relevant to his claims. While the Defendants raise what may be legitimate security concerns, Mr. DuPonte has expressed that he will work with the RIDOC to alleviate as much of the concern as possible. *See* ECF No. 64 at 3. The parties can work together to come to an agreement on protocol to meet the Defendants' reasonable concerns about security.

The Court GRANTS Mr. DuPonte's Motion to Inspect. ECF No. 57.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

June 5, 2019